

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1642 | **DATE** | 6/20/2003 |
| **CASE TITLE** | Aramark Management Services vs. Martha's Vineyard Hospital Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Martha's Vineyard Hospital, Inc's Motion to Transfer Venue is GRANTED. This action, including all pending motions, is ordered to be transferred in its entirety to the United States District Court for the District of Massachusetts.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | **JUN 2 3 2003** | |
| | Notices mailed by judge's staff. | | date docketed | 17 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAP | courtroom deputy's initials | 03 JUN 20 PM 4:04 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED
JUN 2 0 2003
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
JUN 2 3 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, doing business as Aramark Servicemaster Facility Services, formerly known as Servicemaster Management Services Limited Partnership, a Delaware Limited Partnership, | Case No. 03 CV 1642 <br><br> Hon. Harry D. Leinenweber |
| Plaintiff and Counter-Defendant, | |
| v. | |
| MARTHA'S VINEYARD HOSPITAL, INC., a Massachusetts corporation, | |
| Defendant and Counter-Claimant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aramark Management Services Limited Partnership ("Aramark"), a Delaware limited partnership, brings this action against Martha's Vineyard Hospital ("MVH"), a Massachusetts not-for-profit corporation, alleging breach of contract. MVH counterclaims for breach of contract. On March 7, 2003, MVH removed this case from the Illinois Circuit Court of DuPage County to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. Presently before the Court is MVH's Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the



District of Massachusetts. For the following reasons, the Court grants the motion.

## **BACKGROUND**

On May 10, 1998, MVH entered into a written contract ("Contract") with Servicemaster Management Services Limited Partnership ("Servicemaster"), as Aramark was formerly known. Under the Contract, Servicemaster was to provide management services for several areas of MVH's operations, including its Housekeeping, Plant Operation and Maintenance, and Clinical Equipment, in exchange for weekly fees. The Contract's term was three years, and it included a provision for liquidated damages upon early termination, a choice-of-law clause, and a non-exclusive forum-selection clause. In April of 2001, the parties negotiated a five-year extension of the Contract, and also expanded its scope such that Aramark would provide management services to MVH's Supply Chain Department. In July of 2001, the parties again amended the Contract so that Aramark would additionally furnish management services for MVH's Food and Nutrition operations.

On September 5, 2002, MVH sent correspondence to Aramark terminating the Contract, citing changes in MVH's leadership and alleging Servicemaster's failure to perform its bargained-for training and management duties. On February 13, 2003, Aramark filed suit in Illinois state court seeking liquidated damages for the early termination under section 12.4 of the Contract, payment

of an outstanding balance, and attorneys' fees. After removing to federal court on March 7, 2003, MVH answered that the April and July 2001 amendments to the Contract were unenforceable as they were signed without authority from its Board of Trustees, and counterclaimed that Aramark had materially breached by failing to train, manage, and direct MVH employees as called for by the Contract. On April 1, 2003, MVH filed the present motion to transfer venue to the District of Massachusetts.

## DISCUSSION

28 U.S.C. § 1404(a) provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, a court may transfer a case if the moving party shows that: "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D. Ill. 1998). Neither party disputes the first two elements. The Court will therefore focus its analysis on the question whether a transfer to the District of Massachusetts would best serve the convenience of the parties and witnesses and would otherwise be in the interest of justice.

It is within the Court's sound discretion to determine, based upon the constellation of facts in a given case, the fairest and most convenient venue. *Id.* In carrying out this inquiry, the Court must determine whether a given district satisfies both the private and public interests at stake. "Private interests" address the convenience of the parties and include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) convenience to parties; and (5) convenience to witnesses. *Id.* The moving party "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "Public interests" address the interest of justice and include: (1) the speed of the proceeding; (2) the Court's familiarity with applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. *Amoco Oil Corp. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 963 (N.D. Ill. 2000).

### Private Interests

#### *Plaintiff's Choice of Forum*

Courts traditionally show a strong preference for conducting litigation in the plaintiff's chosen forum. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 553 (7th Cir. 2001). A plaintiff's choice, however, is not dispositive; indeed, it is "of

minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *Chicago, Rock Island and Pacific Ry. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *see also Q Sales & Leasing, LLC v. Quilt Protection, Inc.*, 01 C 1993, 2002 WL 1732418 (N.D. Ill. July 26, 2002); *Ty, Inc. v. Beanie World, Inc.*, 99 C 4199, 1999 WL 782092 (N.D. Ill. Sept. 27, 1999); *Pansophic Sys., Inc. v. Graphic Computer Serv., Inc.*, 736 F.Supp. 878, 881 (N.D. Ill. 1990).

Aramark argues that it maintains a significant corporate presence in the Northern District of Illinois, that when the Contract was originally formed its seat of operations was in Illinois, and that the administration of the contract, including the finance and accounting functions for the MVH account, took place in Illinois. These claims, however, are irrelevant to the test set out in *Igoe* - it is the conduct complained of, not the administration or base of operations of a supervising company, which must occur in, or have a significant relation to, the desired forum. All of the services provided under the Contract were at MVH in Massachusetts, both amendments to the Contract were negotiated and signed there, and each of the breaches alleged by the parties occurred there.

Aramark contends that because the breach forming the basis of its complaint is the nonpayment of liquidated damages, and because Aramark's finance and accounting operations are located in

Illinois, MVH's alleged non-performance and the alleged resulting injuries took place in Illinois. This reasoning is unpersuasive. If MVH committed a breach of the Contract, the only reasonable conclusion is that it took place in the venue where MVH made its business decisions and where the disputed funds were withheld. *See Hinc v. Lime-O-Sol Co.*, 231 F.Supp.2d 795 (N.D. Ill. 2002)(situs of breach for purposes of motion to transfer venue is location of allegedly breaching party's place of business); *Spring Air Co. v. Continental Ins. Co.*, 95 C 1328, 1995 WL 225974, at *3 n.1 (N.D. Ill. Apr. 13, 1995); *Heller Fin., Inc. v. Shop-A-Lot, Inc.*, 680 F.Supp. 294-95 (N.D. Ill. 1988) (claim arises where allegedly breaching party's contacts are most significant). To conceptualize the situs of the breach in any other way would be to invite and sanction opportunistic pleading and forum-shopping.

As a further argument against transfer to Massachusetts, Aramark points to the "Choice of Law and Jurisdiction" clause in section 14.9 of the Contract which provides that "[t]he parties agree to submit to the jurisdiction of the courts within the State of Illinois." That clause, however, is permissive rather than mandatory, and a permissive jurisdiction clause "will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Paper Express, Ltd. v. Pfankuch Maschinen, GmbH*, 972 F.2d 753, 757 (7th Cir. 1992); *Heller Fin.*, 713 F.Supp at 1128. There is no such further language

indicating exclusivity of forum choice. Accordingly, this clause cannot be used to justify Aramark's choice of forum, and is of little moment in any event given that the complained-of conduct in this case all took place in Massachusetts.

### *Situs of Material Events*

The situs-of-material-events prong of the analysis weighs strongly in favor of transfer to Massachusetts. The parties do not dispute that: (i) the Contract was to be performed in Massachusetts, at MVH's only place of business; (ii) the amendments to the Contract were put into effect there; and (iii) all events directly related to the performance, and the alleged breaches, of the contracted-for duties took place there.

### *Sources of Proof*

The third factor under the private-interest analysis is the ease of access to sources of proof. MVH avers that it maintains all of its evidence, records, and corporate papers in Massachusetts. The only documents that Aramark claims are in Illinois are its accounting records substantiating MVH's nonpayment of the liquidated damages under the Contract. But regardless how many such documents Aramark produces, they would be of questionable value, as MVH has not contested that it did not pay the liquidated damages that Aramark demands. All told, this factor weighs in favor of transfer to the District of Massachusetts.

### Convenience to Parties

The fourth factor the Court must consider is convenience to the parties in the case. Aramark contends that the forum-selection clause of Section 14.9 of the Contract (quoted above) obligates MVH to litigate in Illinois any disputes arising out of the Contract. It is generally true that "[a] party who agreed to a [forum-selection] clause may be barred from asserting his own inconvenience as a reason to transfer the case," *Divine/Whittman-Hart, Inc. v. King*, 02 C 2486, 2002 WL 1611585, at *7 (N.D. Ill. July 22, 2002); *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *but see Saxena v. Virtualabs, Inc.*, 01 C 9905, 2002 WL 992636, at *4 (N.D. Ill. May 15, 2002)(party who consented to permissive forum-selection clause may not assert its own inconvenience in § 1404 inquiry), in particular where the forum-selection clause is either mandatory, or where it is permissive but accompanied by an express waiver of objections to inconvenience, *see AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525-526 (7th Cir. 2001). This bar to asserting inconvenience as a reason for transfer against the backdrop of a bargained-for forum-selection clause may be overcome, but a party wishing to do so faces a heavy burden of proof. *Tel-Nick, Inc. v. Compath, Inc.*, 02 C 9198, 2003 WL 1394613, at *3 (N.D. Ill Mar. 19, 2003); *see also M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 17 (1972). As previously noted, the forum-

selection clause in the Contract is permissive and does not contain additional language evincing MVH's waiver of inconvenience objections. It therefore does not stand as a bar to MVH asserting its own inconvenience. The Court is convinced that MVH has made a sufficient showing that it would be strongly inconvenienced if it were required to litigate in Illinois and that a transfer to the District of Massachusetts is warranted. The Court notes, however, that even were MVH's inconvenience not considered, all other factors in the present transfer-of-venue analysis militate strongly in favor of a transfer to the District of Massachusetts. *Cf. King*, 2002 WL 1611585, at *7 ("Courts must still consider the interests of justice and the convenience of the witnesses, which are grounds to transfer separate from those of the Defendant's inconvenience."); *Midwhey Powder Co., Inc.*, 883 F.2d at 1293; *Plumtree, Inc. v. Stockment*, 488 F.2d 754, 757-58 (3rd Cir. 1973).

Moreover, the relative inconvenience of litigating this case in Massachusetts is minor for Aramark, a large partnership with employees in many locations nationwide. It would appear no more inconvenient for Aramark to send party witnesses to Massachusetts than it would be to send any of its managerial or training employees there to perform under the Contract. Indeed, some of the Aramark employees whom MVH may call as witnesses are themselves Massachusetts residents.

### Convenience to Witnesses

The fifth factor under the private-interest analysis is convenience to the witnesses taking part in the case. In assessing a motion to transfer, "the court's ability to compel a witness to appear at trial is a central concern." *F&G Scrolling Mouse, L.L.C. v. Microsoft, Inc.*, 56 F.Supp.2d 1005, 1008 (N.D. Ill. 1999). Indeed, convenience to the witnesses is often the deciding factor in a § 1404(a) analysis. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F.Supp.2d 821, 834 (N.D. Ill. 1999); *King*, 2002 WL 1611585, at *8. Courts usually do not consider the convenience of party witnesses under this analysis, as it is presumed that parties can assure the testimony of their own employees. *United Air Lines, Inc.*, 8 F.Supp.2d at 799. Further, courts consider not only the number of witnesses, but also the anticipated quality and impact of their testimony. *Id.*

Apart from its own witnesses, MVH intends to offer testimony of a former CEO, eight former trustees, and former managers. None of these witnesses lives in Illinois; most of them live in Massachusetts, with the rest scattered throughout Connecticut, Pennsylvania and New York. Aramark does not offer any argument with respect to witness location beyond its insistence that certain Illinois-based accounting personnel did not receive the liquidated damages payment from MVH. As noted previously, however, this testimony would appear to be of questionable value since MVH does

not dispute nonpayment of that amount. Accordingly, this factor, along with the other factors discussed under the private-interest analysis, weighs heavily in favor of transfer to the District of Massachusetts, a venue that is clearly more convenient in this case.

## Public Interests

Neither party contends that the speed of the proceeding will be significantly increased or decreased as a result of transfer to the District of Massachusetts, rendering the first element of the public-interest analysis a non-factor. As for the second element, Illinois law will govern the proceeding in either venue, and the parties agree that courts in different districts are well-capable of interpreting and applying laws from other states. This element accordingly carries no significant weight in the inquiry.

The remaining factor to be considered is the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. The private-interest analysis above has shown that the District of Massachusetts has a significant relation to the occurrence in this case, as MVH is closely related to the community of Martha's Vineyard and to the residents there. As the situs of the complained-of events in this action, Massachusetts presents the fairest and most logical venue for resolving this controversy. It is thus in both the interest of justice and the

public interest to transfer this action to the District of Massachusetts.

## CONCLUSION

For the foregoing reasons, MVH's Motion to Transfer Venue is **GRANTED**. This action, including all pending motions, is ordered to be transferred in its entirety to the United States District Court for the District of Massachusetts.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: June 20, 2003